**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Brandy Huff,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-00198-TUC-JGZ

**ORDER**

On May 11, 2026, Magistrate Judge James E. Marner issued a Report and Recommendation ("R&R") recommending the Court affirm the Administrative Law Judge's ("ALJ") decision. (Doc. 23.) Plaintiff Brandy Huff filed an Objection to the R&R, and the Commissioner filed a Response. (Docs. 24, 25.) Having reviewed the record, the R&R, the Plaintiff's Objection, and the Commissioner's Response, the Court will overrule the Objection and adopt the R&R.

**I. Legal Standards**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The party seeking de novo review must provide "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2).

The Court will "set aside a denial of Social Security benefits only when the ALJ['s] decision is 'based on legal error or not supported by substantial evidence in the record.'" *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). Substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The threshold for evidentiary sufficiency is not high. *Id*. The ALJ "must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

Where a claimant has presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, the ALJ may reject testimony about the severity of those symptoms "only by offering specific, clear and convincing reasons for doing so." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)) (internal quotation marks omitted). That inquiry is directed to the intensity and persistence of the claimant's symptoms and is "not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (explaining that Social Security Ruling 16-3p supersedes SSR 96-7p and eliminates the term "credibility" from the agency's sub-regulatory policy).

"[A]n ALJ may not 'reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain.'" *Smartt v. Kijakazi*, 53 F.4th 489, 494–95 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). But "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498. An ALJ may also consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* at 499 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)).

The ALJ must make specific findings about a claimant's allegations, properly

supported by the record and sufficiently specific to ensure a reviewing court that the claimant's subjective testimony was not arbitrarily discredited. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citation omitted). Where the ALJ gives several reasons for discounting symptom testimony and one is invalid, the error is harmless if the remaining reasons are supported by substantial evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

**II. Background**

Neither party objects to the R&R's summary of the factual and procedural background, and the Court adopts that section in its entirety. (Doc. 23 at 1–5.) In brief: Huff protectively filed a Title II application on October 12, 2021, alleging disability beginning June 7, 2020. Her claim was denied initially and on reconsideration, and following a telephonic hearing, ALJ Peter Baum issued a non-disability decision on April 4, 2024. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. 42 U.S.C. § 405(g).

The ALJ found that Huff suffers from the severe impairments of cognitive dysfunction, obesity, cervical fusion, lumbar degenerative joint disease, psoriatic arthritis, generalized anxiety disorder, major depressive disorder, and status post-bilateral foot surgery, but that no impairment or combination of impairments meets or medically equals a listed impairment. (AR 19–20.) He assessed a residual functional capacity ("RFC") for a limited range of light work, with postural, reaching, feeling, and environmental restrictions, and a limitation to simple, repetitive tasks with only necessary, occasional interaction with others. (AR 21–22.) In assessing that RFC, the ALJ discounted Huff's symptom testimony as inconsistent with the medical evidence and the other evidence of record. (AR 22.) At step four, the ALJ found Huff unable to perform her past relevant work; at step five, he found she could adjust to other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(iv)–(v); (AR 27–29).

On appeal, Huff argued that the ALJ (1) failed to articulate clear and convincing reasons for discounting her symptom testimony, and (2) failed to adequately articulate the

supportability and consistency of the medical opinion evidence. (Doc. 14 at 2.) Judge Marner rejected both arguments.

**III. Discussion**

Judge Marner identified four reasons the ALJ gave for discounting Huff's symptom testimony: that certain of her complaints were exaggerated and therefore her testimony was not entirely reliable; that her symptoms improved with treatment; that her testimony was inconsistent with her reported activities of daily living; and that it was inconsistent with the objective medical evidence. (Doc. 23 at 7–17.)[1] He concluded that each was a specific, clear, and convincing reason supported by substantial evidence, and further concluded that even if the exaggeration finding were set aside, the ALJ's remaining reasons would independently sustain his determination. (*Id.* at 14–15.)

Huff's Objection is directed to the first reason alone—symptom exaggeration, and within that reason to two of the bases the ALJ identified: the absence of imaging corroborating her belief that she had suffered a stroke, and her description of her diarrhea as "constant." (Doc. 24 at 4–8.)[2] She does not object to any other portion of the R&R.[3] The Commissioner responds that the objections are too narrow to disturb the recommendation. (Doc. 25 at 2–3.)

The parties do not dispute the governing framework. The ALJ made no finding of malingering, and Judge Marner applied the clear-and-convincing standard. (Doc. 23 at 8–9.) The question on review is whether the ALJ's reasons satisfy that standard.

---

[1] The ALJ's decision does not enumerate its reasons; Judge Marner distilled the ALJ's narrative into four. Because the parties' briefing follows that framework, the Court adopts it for ease of reference.

[2] The ALJ gave two further bases for finding symptom exaggeration: that Huff denied contemporaneous use of benzodiazepines but had been discharged from a pain clinic for that use, and that she responded attentively to questioning for more than thirty minutes at the hearing, which the ALJ found inconsistent with the limited attention span she and her husband had reported. (AR 22–23.) Huff challenges neither. She also does not address the treatment records the ALJ cited alongside her use of the word "constant," which documented occasional loose stools and a normal bowel movement in December 2022. (AR 22–23; Doc. 23 at 14 (citing AR 1037, 1039).)

[3] Huff does not object to the R&R's conclusion that the ALJ did not err in evaluating the opinions of consultative examiners Dr. Hassman and Dr. Belton. (*See* Doc. 24; Doc. 23 at 17–25.) The Court therefore does not review that portion of the R&R. *See Reyna-Tapia*, 328 F.3d at 1121.

**A. Huff's Concerns About the ALJ's Phrasing**

Huff's criticism of the two passages she identifies has some force. The Court does not rest its disposition on either of them.

As to the first, Huff testified that she "did some Google searching" and came to suspect she had experienced a transient ischemic event, while acknowledging more than once that no physician had found evidence of one. (AR 61–63.) A claimant who volunteers the basis for a lay impression and concedes that it is unproven has been forthright rather than evasive, and an ALJ "cannot rely on an *absence* of positive medical evidence to discredit a claimant's subjective symptom testimony." *Ferguson*, 95 F.4th at 1201. As to the second, the ALJ understood "constant" to mean "24/7" and treated Huff's failure to satisfy that definition as an admitted exaggeration. (AR 22, 63–64.) Taken literally, the word did overstate her symptoms. But claimants are not lawyers, and people commonly speak this way, using "constant" to convey how often and how disruptively a symptom occurs rather than to make a precise representation. The transcript reflects a witness who explained what she meant as soon as she was asked.

More broadly, Huff is correct that symptom evaluation is not an examination of a claimant's character or overall trustworthiness. *See Trevizo*, 871 F.3d at 678 n.5. To the extent the ALJ's discussion at AR 22–23 reads as a list of reasons to doubt Huff generally, rather than an explanation of how particular inconsistencies bear on the intensity and persistence of her symptoms, her concern about its framing is understandable. Those concerns do not change the outcome, for two independent reasons.

**B. The Unchallenged Reasons Sustain the ALJ's Determination**

First, the two bases Huff challenges are not the only ones the ALJ gave for finding her testimony not entirely reliable, and she does not object to the others. *See supra* note 2. Nor does she object to the three remaining reasons Judge Marner identified: improvement with treatment, inconsistency with her reported daily activities, and inconsistency with the objective medical evidence. (Doc. 23 at 9–13, 15–17.) The Court is not required to review those unobjected-to portions of the R&R and accepts them. *See Reyna-Tapia*, 328 F.3d at

1121; Fed. R. Civ. P. 72(b)(2).

Second, even assuming the two challenged bases could not stand, any error would be harmless. Each of the three unchallenged reasons rests on record evidence the ALJ identified and discussed, and together they independently support his determination that Huff's statements about the intensity and persistence of her symptoms were not entirely consistent with the record. *See Carmickle*, 533 F.3d at 1162–63. Judge Marner reached the same conclusion. (Doc. 23 at 14–15.)

The record also does not bear out the concern that the ALJ rejected Huff's cognitive complaints for want of imaging. The ALJ relied on the absence of imaging at step two, to find that a stroke or transient ischemic attack was not a medically determinable impairment. (AR 19–20.) He nonetheless found cognitive dysfunction to be a severe impairment, reviewed the evidence bearing on her mental functioning, and limited her to simple, repetitive tasks with only occasional interaction with others to account for her cognitive issues. (AR 19, 24–25.) The ALJ credited and accommodated the symptoms Huff reported.

Having reviewed the objected-to portions of the R&R de novo, the Court concludes that the ALJ's determination is supported by substantial evidence and free of harmful legal error, and that Judge Marner's analysis is well taken. Accordingly,

**IT IS ORDERED:**

1. Magistrate Judge Marner's R&R (Doc. 23) is **accepted and adopted**.
2. Plaintiff's Objection to Report and Recommendation (Doc. 24) is **overruled**.
3. The final decision of the Commissioner is **affirmed**.
4. The Clerk of Court shall enter judgment accordingly and close the file in this matter.

Dated this 15th day of September, 2026.

Jennifer G. Zipps
Chief United States District Judge